# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,

     Plaintiff,

     v.

HSL INVESTMENTS, INC. and
CHAD SHANHOLTZ,

     Defendants.

Civil Action No. TDC-15-2386

## MEMORANDUM ORDER

On August 12, 2015, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an Application to Confirm Arbitration Award against Defendants HSL Investments, Inc. ("HSL") and Chad Shanholtz. The award was based on Defendants' alleged breach of a franchise agreement between the parties, specifically their failure timely to commence construction of a hotel. The arbitrator awarded Choice Hotels $247,765.00 in damages comprised of liquidated damages for unbuilt rentable rooms and arbitration expenses. Defendants did not attend or otherwise seek to participate in the March 9, 2015 arbitration hearing and did not submit any written materials for consideration in the arbitration proceedings.

Defendants were served with the Application on August 18, 2015, but they did not file any response or challenge to it. On September 17, 2015, Choice Hotels filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment against Defendants. The Clerk entered the defaults against Defendants that same day.

On April 29, 2016, this Court denied Choice Hotels' Motion for Default Judgment without prejudice because Choice Hotels had failed adequately to establish that this Court had

jurisdiction over the action. The only jurisdictional basis cited in Choice Hotels' Application was the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2012). The Court explained that the FAA is not an independent source of federal question jurisdiction, and that, based on the allegations in the Application, Choice Hotels' case could proceed only under diversity jurisdiction, 28 U.S.C. § 1332 (2012). The Court noted that while the Application caption provided addresses for the parties that suggested they were diverse, Choice Hotels nowhere expressly averred that the requirements of diversity jurisdiction were met or invoked diversity as a basis for this Court's subject matter jurisdiction. The Court also noted that Choice Hotels' pleading failed to allege facts establishing that jurisdiction was proper under the FAA, which requires that an application for confirmation of an arbitration award be filed in "the United States court in and for the district within which such award was made" unless the agreement between the parties specifies otherwise. 9 U.S.C. § 9. Although the Franchise Agreement states that "Judgment on the arbitration award may be entered in any court having jurisdiction" and that "Any arbitration would be conducted at our headquarters office in Maryland," there was no record in the Application or the award itself that the arbitration actually occurred in Maryland. Franchise Agreement ¶ 21, Application Ex. 2, ECF No. 1-3. The Court provided Choice Hotels 14 days to file a second Motion for Default Judgment to cure these deficiencies.

On May 16, 2016, Choice Hotels filed a Second Motion for Default Judgment ("Second Motion"). In the Second Motion, Choice Hotels asserts that it is incorporated in Delaware and headquartered in Maryland, that HSL is incorporated and has its principal place of business in Virginia, that Shanholtz is a citizen of and domiciled in Virginia, and that the amount in controversy exceeds $75,000. Based on these allegations, Choice Hotels asserts that the requirements of diversity jurisdiction are satisfied. Choice Hotels also clarifies that the

2

arbitration took place in Maryland. In the Second Motion, as in the Application, Choice Hotels

seeks the $247,765.00 awarded by the arbitrator, post-judgment interest, and the costs of this

action.

Although Defendants were served with the Second Motion for Default Judgment, to date,

neither has not responded to it, or to any other filing in this case. The Second Motion is now ripe

for disposition, and the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the

reasons set forth below, the Second Motion for Default Judgment is GRANTED.

## DISCUSSION

### I.     Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a default judgment after an entry of

default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D.

Md. 2005). Although the United States Court of Appeals for the Fourth Circuit recognizes a

"strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d

450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive,

*Lawbaugh*, 359 F. Supp. 2d at 422-23 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir.

1980)). When default judgment is sought with respect to an application for confirmation of an

arbitration award, the plaintiff must show that it is entitled to confirmation of the arbitration

award as a matter of law. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir.

2006).

### II.    The Arbitration Award

Choice Hotels appears to have cured the deficiencies in the First Motion. Based on the

new allegations, the parties appear to be diverse, and the amount in controversy satisfies the

jurisdictional minimum under 28 U.S.C. § 1332(a). The Court is therefore satisfied that it has

3

subject matter jurisdiction over this case. As for whether this case is properly within the scope of the FAA, that statute provides, in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Here, the parties' Franchise Agreement contains an arbitration clause that states that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." Franchise Agreement ¶ 21, 2d Mot. Default J. Ex. A, ECF No. 11-1. Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision. Although the award does not expressly indicate in which judicial district the arbitration hearing occurred, the Franchise Agreement requires that "[a]ny arbitration will be conducted at [Choice Hotels'] headquarters office in Maryland," *id.*, and Choice Hotels asserts that the arbitration did, in fact, take place in Maryland, 2d Mot. Default J. ¶ 7. The Court is therefore satisfied that the requirements of the FAA are met, such that it may review the arbitration award.

Judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a

4

dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or misconduct" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A misinterpretation of a contract, or a misinterpretation of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Here, Choice Hotels alleges, and the arbitrator awarded damages for, a breach of the parties' Franchise Agreement, namely a failure timely to commence construction of a hotel. The Franchise Agreement provides that a claim for breach of the agreement is subject to arbitration, so the claims resolved by arbitration were within the scope of the parties' agreement. Although Defendants were served in this case and received notice of the Motion, they have failed to answer Choice Hotels' application or otherwise make a showing of any grounds for vacating the arbitration award. Nor is there anything in the record to suggest that any of the limited grounds for setting aside an arbitration award are present in this case. *See* 9 U.S.C. § 10(a). Accordingly, the Court will grant the Second Motion for Default Judgment to the extent it seeks confirmation of the arbitrator's award of $247,765.00.

**III.    Post-Judgment Interest and Costs**

To the extent that Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice Hotels is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it.  *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").  Pursuant to its request in its original Application, Choice Hotels also asks to be awarded $400.00 in costs, the filing fee for this action.  Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise."  The FAA contains no provision that would prevent the awarding of costs, and no rule or court order bars such an award.  The Court therefore awards Choice Hotels the $400.00 in costs incurred to file this action.

<strong>CONCLUSION</strong>

For the foregoing reasons, it is hereby ORDERED that Choice Hotels' Second Motion for Default Judgment, ECF No. 11, is GRANTED.  The Court therefore enters judgment in favor of Choice Hotels and against HSL and Shanholtz in the amount of $248,165.00, which shall accrue post-judgment interest as specified by statute.  The Clerk is directed to close the case.

Date:  October 20, 2016

THEODORE D. CHUANG
United States District Judge